UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    **Plaintiff,**

    v.            Case No. 3:06 CR 00275-2-AA

JOSHUA SCOTT CARLSON,

    **Defendant.**

## ORDER REVOKING SUPERVISED RELEASE

On April 7, 2007, the defendant appeared before the Hon. Michael W. Mosman in Portland, Oregon, for sentencing following his plea of guilty to Postal Robbery. He was sentenced to (41) months custody followed by a (3) year term of supervised release, upon the standard and special conditions On September 6, 2011, Judge Mosman revoked supervised release and sentenced the defendant to (6) months in custody followed by a (2) year term of reimposed supervised release. On July 31, 2013, the defendant's supervised release was revoked and he was sentenced to four (4) months imprisonment followed by a two (2) year term of reimposed supervised release. On April 22, 2014, the defendant's supervised release was revoked again and sentenced to (5) months in custody followed by a reimposed term of supervised release which commenced May 6, 2014.

ORDER REVOKING SUPERVISED RELEASE - PAGE 1

On August 6, 2014, this court issued a petition for warrant and order to show cause why the term of supervised release order previously granted should not be revoked based on the probation officer's allegation that defendant violated the conditions of release.

On September 11, 2014, the defendant appeared with counsel at a hearing to determine whether his supervised release should not be revoked. The defendant admitted he had violated the conditions of supervised release by failing to reside in and participate in a residential reentry center for up to 120 days, failing to notify the probation officer within 72 hours of any change in residence and using controlled substances.

THE COURT FINDS that the defendant has violated conditions of his supervised release as set forth above, said violation constitutes a Grade C violation pursuant to Guideline § 7B1.1(a)(2). A Grade C violation coupled with the defendant's Criminal History Category of I, produces a suggested imprisonment range of 3 to 9 months (§ 7B1.4 Revocation Table).

IT APPEARS TO THE COURT that the defendant is no longer amenable to supervision.

IT IS ORDERED AND ADJUDGED that the term of supervised release is revoked and the defendant is committed to the custody of the Bureau of Prisons for a term of six (6) months. A term of supervised release is reimposed for a period of (12) months under the previously imposed conditions of supervision and the following new conditions:

1. The defendant shall reside in and satisfactorily participate in a residential reentry center for up to (120) days or until discharged by the residential reentry center manager or the probation officer.
2. The defendant shall participate in a mental health program approved by the probation officer.
3. As directed, the defendant shall take psychotropic medication, if medically approved, for the treatment of a mental or emotional disorder.
4. The defendant shall not associate with any known gang members.

ORDER REVOKING SUPERVISED RELEASE - PAGE 2

5. The defendant shall observe Reentry Court as directed by the court and his probation officer.
6. The defendant shall enroll and participate in a parenting and child development class at the direction of his probation officer.

All other conditions and terms of supervised release previously imposed shall remain in full force and effect.

Dated this 11th day of September, 2014.

**ANN AIKEN**
**United States District Judge**

ORDER REVOKING SUPERVISED RELEASE - PAGE 3